MicWal Inc., f/d/a Cross Timbers Care Center v. STate

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-066-CV

MICWAL INC., F/D/B/A APPELLANT

CROSS TIMBERS CARE CENTER 

V.

THE STATE OF TEXAS STATE

------------

FROM THE 393RD DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

In a single issue, Appellant MicWal, Inc., f/d/b/a Cross Timbers Care Center claims that the trial court erred by denying its motion to partially vacate an arbitration award entered against it.  The arbitration award was made pursuant to chapter 242 of the Texas Health and Safety Code, governing resolution of civil penalties sought by the State of Texas against convalescent and nursing homes and related institutions.  
See
 
Tex. Health & Safety Code Ann.
 ch. 242 (Vernon 2001 & Supp. 2004-05).
(footnote: 2)  MicWal elected to resolve the State’s claims against it for civil penalties through binding arbitration.  
See id.
 § 242.252(a), (f).

No statutory provision exists permitting a party who elects binding arbitration under chapter 242's scheme to move to vacate, or appeal, an arbitration award.  
See id.
 §§ 242.265, .267.  A party who does not elect binding arbitration, but gets pulled into arbitration through the opposing party’s election, may move to vacate the arbitration award in only limited circumstances.
(footnote: 3)
 Here, MicWal was the party moving for arbitration.  Thus, under chapter 242's statutory scheme, the trial court was not permitted to vacate the arbitration award.  That is, section 242.267(a) authorizes a trial court to vacate an arbitration award only upon an application made by a party not electing and moving for arbitration under the chapter.  
Id.
 § 242.267(a).

MicWal points out that its motion to vacate was filed pursuant to section 242.269(b) and claims that section authorizes the motion.  
Id.
 § 242.269(b).  We cannot agree.  Section 242.269 authorizes a motion to vacate to be filed “in accordance with Section 242.267“ and, as set forth above, section 242.267 authorizes only a party who did not elect binding arbitration to move to vacate an arbitration award.  
Id.
 § 242.267(a).  Because MicWal was the party electing and moving for arbitration, the trial court properly denied MicWal’s motion to vacate the arbitration award and properly entered judgment on the arbitration award.  
Id.
 § 242.269.  We overrule MicWal’s sole issue and affirm the trial court’s judgment.

SUE WALKER

JUSTICE

PANEL B: HOLMAN, WALKER, and MCCOY, JJ.

DELIVERED:  November 12, 2004

FOOTNOTES
1:
See
 
Tex. R. App. P
. 47.4.

2:
The State correctly points out that the 1998 version of chapter 242 of the Texas Health and Safety Code was amended in 1999 and that those amendments do not apply to the present case; however, the provisions we rely upon to dispose of this appeal were the same in 1998 and in 1999 although the provisions may have been renumbered.  Therefore, we cite only the Vernon 2001 version of the statute.

3:
Upon motion by the party that did not move for arbitration, the trial court may vacate an award only on a finding that (1) the order was procured by corruption, fraud, or misrepresentation, (2) the decision of the arbitrator was arbitrary or capricious and against the weight of the evidence, or (3) the order exceeded the jurisdiction of the arbitrator under section 242.264(a).  
Id.
 § 242.267(b).